h GRISBAUM, Chief Judge.
Defendant-appellant, DaimlerChrysler Corporation, appeals the trial court’s judgment overruling its declinatory exception of improper venue. We affirm.

ISSUE

We are called on to determine whether the language, “in a parish of proper venue as to the defendant” in La.Code Civ. P. art. 593 limits venue in a class action suit to the parish of defendant’s principal place of business and whether the trial court erred in overruling this class defendant’s exception of improper venue.
|,FACTS' AND PROCEDURAL HISTORY
This class action suit arises from a claim by plaintiff, Kristie A. Tramonte, against DaimlerChrysler Corporation a/k/a Chrysler Motors Corporation (hereinafter “Chrysler”) and Murphy-Graham, Inc., an authorized Chrysler dealer in St. John the Baptist Parish. Plaintiff filed suit against defendants because the paint on the 1991 Dodge Daytona she purchased from Murphy-Graham was deteriorating and peeling. Chrysler is a foreign corporation licensed to do business in Louisiana. Its registered office is located in Jefferson Parish.
The class of plaintiffs consists of individuals living throughout the United States who have purchased automobiles with deteriorating paint manufactured by Chrysler. Ms. Tramonte filed suit in St. John the Baptist where she purchased her vehicle. Chrysler, the class defendant, filed a declinatory exception of improper venue alleging that St. John the Baptist was an improper venue and that venue should be *1193 in Jefferson Parish, its principal- place -of business. The trial court overruled Chrysler’s exception. Defendant appeals.
LAW AND ANALYSIS — ISSUE ONE
Appellant contends that because this is a class action suit, venue is proper only in its principal place' of business under La.Code Civ. P. art. 593 A. This article provides: “[a]n action brought on behalf of a class shall be brought in a parish 'of proper venue as to the defendant.” La. Civ.Code art. 9 provides that '“[wjhen a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.”
We do not believé, as the' defendant argues, that La. Code Civ. P. art. 593 limits venue in a class action suit to the defendant’s primary place of business. The article states that venue shall be in a parish of proper venue as to the defendant; however, it does not state that venue shall be in the defendant’s | ¡¡primary place of business. Accordingly, giving Article 593 its clear and unambiguous, interpretation, we cannot conclude that venue in a class action suit is limited to the defendant’s primary place of business.
An action on a contract may be brought in the parish where the contract was executed.... La.Code Civ. P. art. 76.1. Additionally, where venue is proper as to one defendant, it is proper-as to all defendants. La.Code Civ. P. art. 73. Here, Ms. Tramonte entered the contract of sale for her, vehicle in St. John the Baptist. Additionally, Murphy-Graham, the dealer, has its primary place of business in St. John the Baptist.' Thus, under La.Code Civ. P. arts. 76.1 and 73, St. John the Baptist is a parish of proper venue for this class action suit because it is where the contract of sale was executed'and it is where one defendant’s primary place of business is located. Accordingly, we cannot say the trial judge erred in denying appellant’s exception of improper venue. For the reasons assigned, we affirm the trial court’s judgment. We order each party to bear its own costs of this appeal.
AFFIRMED.